```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
CHOPIN ETIENNE,                     :
                                    :
               Plaintiff,           :      **MEMORANDUM & ORDER**
                                    :      19-CV-3213 (KAM)
                                    :
     -against-                      :
                                    :
ANDREW SAUL, COMMISSIONER OF        :
SOCIAL SECURITY,                    :
                                    :
               Defendant.           :
                                    :
------------------------------------x
```

KIYO A. MATSUMOTO, United States District Judge:

Pursuant to 42 U.S.C. § 405(g), Plaintiff Chopin Etienne appeals the final decision of Andrew Saul, the Commissioner of Social Security (the "Commissioner"), denying plaintiff's request for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). Before the Court are the parties' respective cross-motions for judgment on the pleadings. For the reasons set forth below, the Court GRANTS Plaintiff's motion for judgment on the pleadings and DENIES Defendant's cross-motion for judgment on the pleadings.

## BACKGROUND

I. **Procedural History**

Plaintiff applied for DIB on April 26, 2016, alleging disability since August 7, 2015. (ECF No. 19, Administrative Record ("Tr."), at 10.) Plaintiff alleged disability due to

degenerative disc disease, degenerative joint disease, carpal tunnel syndrome, hypertension, diabetes, and asthma. (Tr. 13.) The Social Security Administration ("SSA") denied Plaintiff's claim on August 5, 2016. (Tr. 10.) In September 2016, Plaintiff requested a hearing before an Administrative Law Judge (Tr. 10.), and on January 11, 2018, a hearing was held before Administrative Law Judge Martha R. Reeves (the "ALJ"), (*see* ECF No. 19, Memorandum of Law in Support of Defendant's Cross-Motion For Judgment on the Pleadings and in Opposition to Plaintiff's Motion for Judgment on the Pleadings ("Def. Mem.") at 1.) In a written decision dated April 2, 2018, the ALJ found that Plaintiff was not disabled within the meaning of the Act. (Tr. 1-25.) On June 8, 2016, the Appeals Council received Plaintiff's request to review the ALJ's decision. (Tr. 5.) The Appeals Council denied review on April 8, 2019, thereby making the ALJ's decision the final decision of the Commissioner. (Tr. 1-4.)

Plaintiff commenced the instant action on May 30, 2019. (*See* ECF No. 1, Complaint.) The parties filed cross-motions for judgment on the pleadings on April 17, 2020. (*See* ECF Nos. 14, 15, 16, 17, 18.) Plaintiff and Defendant each submitted a memorandum of law, and Plaintiff filed a reply to Defendant's motion on April 17, 2020. (*See* ECF No. 15, Plaintiff's Memorandum of Law in Support of a Motion for

2

Judgment on the Pleadings("Pl. Mem."); ECF No. 17, Defendant's Memorandum of Law in Support of the Defendant's Cross-Motion for Judgment on the Pleadings and in Opposition to Plaintiff's Motion for Judgment on the Pleadings ("Def. Mem."); ECF No. 18, Plaintiff's Reply to Defendant's Cross-Motion for Judgment on the Pleadings ("Pl. Reply").)

**DISCUSSION**

On appeal from the Commissioner's final decision, the Plaintiff argues that he is entitled judgment on the pleadings for three reasons: (1) the ALJ's step three analysis was insufficient because Plaintiff was presumptively disabled under Listing 1.04; (2) the RFC determination was not supported by substantial evidence and violated the treating physician rule; and (3) the ALJ was unconstitutionally appointed. (Pl. Mem. at 1.) For the reasons set forth below, the court concludes that the ALJ was not properly appointed under Article II, Section 2, Clause 2 of the United States Constitution (the "Appointments Clause") and remands the case for a new hearing and a *de novo* decision from a different, properly appointed ALJ.

**I. The ALJ's Appointment was Improper and Plaintiff did not waive his Appointments Clause Challenge**

Plaintiff seeks a remand because, *inter alia*, the ALJ presiding over his case was an inferior officer but was not properly appointed under the Appointments Clause of the

Constitution. (Pl. Mem. at 18.) The Appointments Clause provides that "Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments." U.S. Const. art. II, § 2, cl. 2. In response, the Commissioner argues that "Plaintiff's failure to assert a challenge to the ALJ's appointment before the agency at any point in the administrative proceedings thus resulted in a forfeiture of any Appointment Clause claim." (Def. Mem. at 9.)

Here, both parties appear to agree that the ALJ was not properly appointed. (*See* Def. Mem. at 10 n.2; Pl. Mem. at at 15.) The disputed issue was whether plaintiff had forfeited his Appointments Clause claim by failing to raise it in the administrative proceedings. While the case was pending, the Supreme Court provided an answer in *Carr v. Saul*, 141 S. Ct. 1352 (2021), holding that social security plaintiffs do not forfeit Appointments Clause challenges by failing to make them first to an ALJ. *Id.* at 1356. Accordingly, this court concludes that *Carr* requires remand of this case for a new hearing and a *de novo* decision from a different, properly appointed ALJ. *See Streich v. Saul*, No. 20-1159, 2021 WL 1782555, at *1 (2d Cir. May 5, 2021) (citing *Lucia v. SEC*, 138 S. Ct. 2044, 2055 (2018)); *Singh v. Comm'r of Soc. Sec.*, No. 20-cv-1536 (BMC), 2021 WL 1890042, at *1 (E.D.N.Y. May 11, 2021).

4

Because this court remands the case for a new hearing, and because there appears to have been conflicting evidence in the record relating to the merits of plaintiff's claim for disability insurance benefits, this court declines to address plaintiff's other arguments.  Accordingly, the case is therefore remanded based on the Appointments Clause issue.  *See Streich*, 2021 WL 1782555, at *1 (remanding case without addressing the plaintiff's remaining arguments on the merits).

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for judgment on the pleadings is **GRANTED**, the Commissioner's cross-motion for judgment on the pleadings is respectfully **DENIED**, and the case is **REMANDED** for further proceedings consistent with this Memorandum and Order.  The Clerk of Court is respectfully directed to enter judgment in favor of plaintiff and close the case.

SO ORDERED.

/s/
HON. KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York

DATED: Brooklyn, New York
May 14, 2021